UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

UNITED STATES OF AMERICA,

               -against-

                                                 09 CR 1244 (RJH)

OUMAR ISSA,
HAROUNA TOURE, and
IDRISS ABDELRAHMAN

                       Defendants.
------------------------------------------------------------------ X

# DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## REQUEST NO. 1

## GENERAL REQUESTS

The defense respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Functions of Court and Jury

b.  Indictment not Evidence

c.  Burden of Proof and Presumption of Innocence

d.  Statements of Court and Counsel Not Evidence

e.  Jury's Recollection Controls

f.  Inferences

g.  Opening Statements

h.  Taking Notes

i.  Sidebars and Conference

j.  Witness Credibility

k.  Assessment of testimony of cooperating witness

l.  Assessment of testimony of paid informants

m.  Testimony of Law Enforcement Witnesses

n.  Expert Witnesses (if applicable)

o.  Equality of Prosecution and Defense

p.  Charts and Summaries

q.  Right to See Exhibits and Have Testimony Read During Deliberations

r.  Requirement of Unanimity of Verdict

1

## REQUEST NO. 2

## DEFENDANT'S ELECTION TO TESTIFY[1]
## (If Applicable)

As I instructed you earlier, the defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because the burden of proof beyond a reasonable doubt remains on the Government at all times, and Messrs. Issa, Toure, and Abdelrahman are presumed innocent.

In this case, [insert name of defendant] did testify and he was subject to cross-examination, like any other witness. The fact that he testified does not in any way remove or lessen the burden on the Government to prove the charge beyond a reasonable doubt. [Insert name of defendant] did not have to testify and, in fact, did not have to present any evidence whatsoever.

You should examine and evaluate his testimony just as you would the testimony of any other witness. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case. I also remind you that [insert name]'s decision to testify does not in any way shift the burden of proof to him.

Do not ask yourself whether his testimony convinces you of his innocence. Rather, you must consider all the evidence and/or the lack of evidence presented, and then ask yourselves whether or not the prosecution has proven the charge contained in the indictment beyond a reasonable doubt.

---

[1] Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 7-4; see also United States v. Gaines, 457 F.3d 238 (2d. Cir. 2006); see also Charge of Hon. Robert P. Patterson in United States v. Jose De La Cruz-Ramirez, 97 Cr. 711 (RPP)

## REQUEST NO. 3

## DEFENDANT'S ELECTION NOT TO TESTIFY[2]
**[if applicable]**

[Insert name of applicable defendant] did not testify in this case. Under our Constitution he has no obligation to testify or to present any other evidence because it is the prosecution's burden to prove him guilty beyond a reasonable doubt.

As I stated earlier, the burden remains with the prosecution throughout the entire trial and never shifts to Messrs. Issa, Toure, or Abdelrahman. They are never required to prove that they are innocent. The right of a defendant not to testify is an important part of our Constitution. As the Supreme Court of the United States has said,

> it is not everyone who can safely venture on the witness stand though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove any prejudice against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.

You may not attach any significance to [insert name]'s decision not to testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against [insert name] in any way in your deliberations in the jury room.

---

[2] Adapted from the charge of the Hon. John S. Martin in United States v. Flanagan, 95 Cr. 105 (JSM) (Tr. at 558 - 559) (quoting Wilson v. United States, 149 U.S. 60, 66 (1893)). See also Carter v. Kentucky, 450 U.S. 288, 300 n.15 (1981); Griffin v. California, 380 U.S. 609, 613 (1965); charge of the Hon. John S. Martin in United States v. Anosike, 94 Cr. 717 (JSM)

**REQUEST NO. 4**

**REASONABLE DOUBT[3]**

I have said that the government must prove Messrs. Issa, Toure, and Abdelrahman guilty beyond a reasonable doubt. The question naturally is what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of the highest importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Messrs. Issa, Toure, or Abdelrahman. Even if Messrs. Issa, Toure, or Abdelrahman have presented evidence in their defense, it is not their burden to prove themselves innocent. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence and the lack of evidence, you are satisfied of Messrs. Issa, Toure, or Abdelrahman's guilt beyond a reasonable doubt, you should vote to convict. On the other hand, if after fair and impartial consideration of all the evidence you have a reasonable doubt, it is your duty to acquit Messrs. Issa, Toure, or

---

[3] Adapted from Sand, et al., <u>Modern Federal Jury Instructions, Instruction</u> 4-2.

Abdelrahman.  If the government has failed to meet its burden beyond a reasonable doubt, it is your duty to find Messrs. Issa, Toure, or Abdelrahman not guilty.

## REQUEST NO. 5

## IMPROPER CONSIDERATIONS[4]

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about Messrs. Issa, Toure, or Abdelrahman's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

---

[4] Adapted from L. Sand, et al., Modern Federal Jury Instructions - Instruction # 2-11.

If the Court is going to instruct the jury not to base its verdict on sympathy, the defense requests that the Court also tell the jury not to base its verdict on any feelings about the charges. Such language is included in the above instruction.

6

## REQUEST NO. 6

## INVESTIGATIVE TECHNIQUES[5]

*[The defense is not asking for an instruction on law enforcement techniques, as it de-emphasizes the fact that it is proper for the jury to assess the lack of evidence in determining whether the government has sustained its burden. In the event, however, that the Court determines such a charge is appropriate, we propose the following which is balanced and does not diminish arguments presented by either party:]*

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether Messrs. Issa, Toure, or Abdelrahman is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. Your concern, as I have said, is to determine whether, on the evidence or lack of evidence, the government has or has not proved each of the defendants' guilt beyond a reasonable doubt.

---

[5] Adapted from L. Sand, et al., Modern Federal Jury Instructions - Instruction # 4-4.

7

## **REQUEST NO. 7**

### **ENGLISH LANGUGAGE PROCEEDINGS**

Languages other than English were used during this trial.  The trial testimony you are to consider is only that provided through the official court interpreters.  Although some of you may know the non-English language used, it is important that all jurors consider the same evidence.  Therefore, you must base your decision on the trial testimony presented in the English interpretations.  You must disregard any different meaning of the non-English words.

## REQUEST NO. 8

### TRANSCRIPTS OF TAPE-RECORDED CONVERSATIONS
### AND TRANSLATIONS OF DOCUMENTS

Exhibits __ have been identified has typewritten transcripts and translations from foreign languages into English of oral conversations that can be heard on the tape and video recordings received in evidence as Exhibits __. The transcripts also purport to identify the speakers engaged in such conversations. I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the tape recordings, and also to aid you in identifying the speakers, and in understanding the documents. However, if you should determine that any transcript is in any respect incorrect or unreliable, you should disregard it to that extent.

## REQUEST NO. 9

## NOT GUILTY PLEAS

Messrs. Issa, Toure, and Abdelrahman each have pleaded "Not Guilty" to each count of the Indictment.  With regard to each count of the Indictment that plea of "Not Guilty" puts in issue each of the essential elements of those offenses as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

## REQUEST NO. 10

### CAUTION – CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt whether Messrs. Issa, Toure, or Abdelrahman are guilty of either of the two crimes charged. Messrs. Issa, Toure, and Abdelrahman are not on trial for any act, conduct, or offense not alleged in the Indictment.

**REQUEST NO. 11**

**THE INDICTMENT**

I will now describe to you the allegations contained in the indictment in this case. I remind you that the indictment is not evidence. It merely contains the formal allegations against the defendants. I am explaining the contents of the indictment to you so that you can understand them. Even though there is an indictment in this case, you must presume the defendants are innocent unless, based solely on the evidence and not on the indictment, the government proves beyond a reasonable doubt that they are guilty.

Both Counts One and Two charge a conspiracy to violate specific laws of the United States. Count One alleges that Messrs. Issa, Toure, and Abdelrahman violated Section 960a of Title 21 of the United States Code by conspiring to distribute five kilograms or more of cocaine knowing or intending to provide a thing of value to a person or organization that has engaged or engages in terrorist activity or terrorism, while knowing that the person or organization has engaged or engages in terrorist activity or terrorism. The indictment alleges that the conspiracy was intended to provide a thing of value to three specific alleged terrorist organizations: the Fuerzas Armada Revolucionarias de Colombia, also known as "FARC"; al Qaeda; and al Qaeda in the Maghreb, also known as "AQIM."

The second count of the indictment alleges that Messrs. Issa, Toure, and Abdelrahman violated Section 2339B of Title 18 of the United States Code by conspiring to provide material support or resources to designated foreign terrorist organizations: again, FARC, al Qaeda, and AQIM.

12

## REQUEST NO. 12

### CONSPIRACY

Before we talk about the charged objects of the conspiracy – drug distribution with knowledge and intent to provide something of value to a terrorist organization and material support of a terrorist organization – I am going to give you instructions regarding the law of "conspiracy" for you to follow with regard to both conspiracies charged in the Indictment and to use when determining whether the government has proved either of the conspiracies charged beyond a reasonable doubt.

Please remember that you must analyze each charge separately and each defendant separately.  Whether you find one defendant guilty or not guilty as to one offense should not affect your verdict as to any other defendant or as to the other offense charged.

The charge of conspiracy has two essential elements that the Government must prove beyond a reasonable doubt: (1) that the conspiracy existed; and (2) that the defendant you are considering joined the conspiracy with knowledge of its objectives and with intent to further its goals.

## REQUEST NO. 13

### CONSPIRACY
### FIRST ELEMENT[6]

I will now discuss what the government must prove beyond a reasonable doubt to satisfy the first element of either conspiracy charge. To satisfy this element, the government must prove beyond a reasonable doubt that the specific conspiracy alleged in the count you are considering actually existed.

The government must prove that two or more persons entered into the unlawful agreement as charged in the count. To do this, the Government must prove that there was a mutual understanding between two or more persons to cooperate with each other to accomplish an unlawful act. A conspiracy is a partnership in crime.

Whether there is proof of such a deliberate agreement by the alleged members to engage in specified unlawful conduct should be central to your consideration of the charge of conspiracy.

Unless the government proves beyond a reasonable doubt that the specific criminal agreement alleged in the count actually existed, you must acquit Messrs. Issa, Toure, and Abdelrahman of that count. Even if you find that another, different conspiracy existed, you must acquit if you find that the specific conspiracy described in the count did not exist.

---

[6] Adapted from Sand et al., Modern Federal Jury Instructions, Instruction 19-4.

14

**REQUEST NO. 14**

**CONSPIRACY
SECOND ELEMENT -
Membership in the Conspiracy[7]**

The second element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that Messrs. Issa, Toure, and/or Abdelrahman knowingly, willfully and voluntarily became a member of the conspiracy.

If you are satisfied that the conspiracy charged in the count you are considering existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant whom you are considering was, in fact, a member of the conspiracy, you should consider whether the defendant you are considering knowingly and willfully joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its business or objective as an associate or worker?

It has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. While proof of a financial interest in the outcome of a scheme is not essential, it is a factor which you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

Before any defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant you are considering joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement.

---

[7] Adapted from Sand, Modern Federal Jury Instructions, 19-6

15

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime, does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, be related to, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I want to also caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that Messrs. Issa, Toure, and/or Abdelrahman must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the government must prove beyond a reasonable doubt that the defendant you are considering, with an understanding of the unlawful character of the conspiracy, intentionally engaged, assisted in the conspiracy for the purpose of furthering the illegal undertaking.

In order to convict Messrs. Issa, Toure, and/or Abdelrahman of Count One, you must first find that the government proved beyond a reasonable doubt that the defendant you are considering joined the conspiracy alleged in the indictment for the purpose of furthering its goal, which I will soon explain in more detail, of possessing with intent to distribute or distributing five kilograms or more of cocaine. In connection with Count One, you must also find that the

16

government proved beyond a reasonable doubt that the defendant you are considering conspired knowing or intending to provide, directly or indirectly, anything of pecuniary value to any person or organization that has engaged or engages in terrorist activity.

In order to convict Messrs. Issa, Toure, and/or Abdelrahman of Count Two, you must find that the government proved beyond a reasonable doubt that the defendant you are considering joined the conspiracy alleged in the indictment for the purpose of furthering its goal, which I will soon explain in more detail, of providing material support or resources to a designated foreign terrorist organization and that at least one co-conspirator committed an overt act in furtherance of the conspiracy.

If you find that the government has not proved beyond a reasonable doubt that the defendant knew that the goal of the conspiracy and joined the conspiracy to further this goal, you must find him not guilty on the count which charges that conspiracy.

## REQUEST NO. 15

### COUNT ONE
## FOREIGN TERRORIST ORGANIZATIONS, TERRORIST PERSONS AND GROUPS
### The Elements Of The Crime

*[In light of the relative recency of the enactment of 21 U.S.C. § 960a, the defense reserves the right to amend or supplement its proposed jury instruction as the case law analyzing the statute develops.]*

I will now tell you what the elements of Count One are. In a moment, I will explain each element to you in further detail.

Conviction on Count One requires proof beyond a reasonable doubt of the existence of six elements as to each defendant. The elements of Count One are:

**First,** that two or more persons entered the unlawful agreement charged in the indictment starting on or about September 2009;

**Second,** that the defendant knowingly and willfully became a member of the conspiracy during the period of time charged in the Indictment;

**Third,** that the object of the conspiracy was to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense five kilograms or more of cocaine;

**Fourth,** that the defendant knew that the object of the conspiracy was to distribute five kilograms or more of cocaine;

**Fifth,** that the defendant knew or intended to provide, directly or indirectly, anything of pecuniary value to any person or organization that has engaged or engages in terrorist activity or terrorism;

**Sixth,** that the defendant had knowledge that the person or organization has engaged or engages in terrorist activity or terrorism; and

**Seventh,** that the defendant entered into the agreement with knowledge that the support or resources provided would further the organization's terrorist activities; and

18

## REQUEST NO. 16

### COUNT ONE
### FOREIGN TERRORIST ORGANIZATIONS, TERRORIST PERSONS AND GROUPS
### FIRST AND SECOND ELEMENTS -
### Existence of Agreement and
### Knowing Membership In The Conspiracy

When defining conspiracy, I already discussed with you the first and second elements of Count One which the government must prove beyond a reasonable doubt. As I explained, to establish the offense of conspiracy the government must prove beyond a reasonable doubt that two or more persons entered the unlawful agreement charged in the Count One and that the defendant you are considering knowingly, willfully, and voluntarily became a member of the conspiracy.

19

## REQUEST NO. 17

**COUNT ONE**
**FOREIGN TERRORIST ORGANIZATIONS, TERRORIST PERSONS AND GROUPS**
**THIRD ELEMENT -**
**Object Of The Conspiracy**

The third element that the government must prove beyond a reasonable doubt is that the object of the alleged conspiracy was to possess with intent to distribute or to distribute five kilograms or more of cocaine. As I will explain in the next element, the government must prove beyond a reasonable doubt that the defendant actually knew that the substance to be possessed or distributed was in fact five kilograms or more of cocaine.

20

## REQUEST NO. 18

### COUNT ONE
### FOREIGN TERRORIST ORGANIZATIONS, TERRORIST PERSONS AND GROUPS
### FOURTH ELEMENT -
### Knowledge Of Drug Type And Quantity

In this case, it is not enough that the government can prove the defendants conspired to possess with intent to distribute or to distribute an illegal drug. Rather, the government must prove beyond a reasonable doubt that each defendant specifically intended to distribute five kilograms or more of cocaine.[8] If you find that the defendant conspired to possess with intent to distribute or to distribute a controlled substance, but that he did not know that the substance was five kilograms or more of cocaine, then you must acquit him of this count.

---

[8] See U.S. v. Thomas, 274 F.3d 655 (2d Cir. 2001) (under 21 U.S.C. 841(b)(1), drug type and quantity must be proved to the jury beyond a reasonable doubt).

21

**REQUEST NO. 19**

**COUNT ONE**
**FOREIGN TERRORIST ORGANIZATIONS, TERRORIST PERSONS AND GROUPS**
**FIFTH ELEMENT -**
**Knowing Or Intending To Provide Anything Of Pecuniary Value**

If you find that the defendant you are considering conspired to possess with intent to distribute or to distribute five kilograms or more of cocaine, you must next consider whether he did so knowing or intending to provide, directly or indirectly, anything of pecuniary value to any person or organization that has engaged or engages in terrorist activity or terrorism. The government must prove beyond a reasonable doubt that the defendant you are considering joined the conspiracy for the purpose of providing anything of pecuniary value to a person or organization that has engaged or engages in terrorism or terrorist activity.

"Anything of pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage.[9]

The government alleges that the defendants knew and intended to provide anything of pecuniary value to three particular terrorist organizations, to wit: (1) the Fuerzas Armadas Revolucionarias de Colombia ("FARC"), (2) Al Qaeda, and (3) Al Qaeda in the Maghreb ("AQIM"). In order to find sufficient evidence on this count, you must unanimously find, beyond a reasonable doubt, that the defendant you are considering intended to provide anything of pecuniary value to one of these three organizations. If you agree that the defendant you are considering intended to provide anything of pecuniary value to one of these three organizations but you do not agree as to which organization, you must acquit. If you agree that the defendant you are considering intended to provide anything of pecuniary value to the same organization

---

[9] 18 U.S.C. 1958(b)(1).

22

then you must then additionally find, based on proof beyond a reasonable doubt, that such organization engages or has engaged in terrorist activity or terrorism as I will define it in a moment.

## REQUEST NO. 20

### COUNT ONE
### FOREIGN TERRORIST ORGANIZATIONS, TERRORIST PERSONS AND GROUPS
### SIXTH ELEMENT -
### Knowledge That The Person Or Organization Has Engaged
### Or Engages In Terrorist Activity Or Terrorism

In order to find any defendant guilty, the government also must prove beyond a reasonable doubt that such defendant actually knew that the person or organization has engaged or engages in terrorist activity. In other words, it is not sufficient for the government to prove that the defendants intended to assist any particular organization, even one that has actually engaged in terrorist activity or terrorism. Rather, the government must also prove that the defendant specifically knew that such organization engages in or has engaged in terrorist activity or terrorism as defined below.

24

## REQUEST NO. 21

### COUNT ONE
### FOREIGN TERRORIST ORGANIZATIONS, TERRORIST PERSONS AND GROUPS
### FIFTH ELEMENT AND SIXTH ELEMENTS -
### Definitions Of Terrorism, Terrorist Activity And
### Engaging In Terrorist Activity

I will now provide definitions of the terms "terrorism" and "terrorist activity" and "engage in terrorist activity" for purposes of Count One of the indictment.

"Terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.[10]

"Terrorist activity" means any activity which is unlawful under the laws of the place where it is committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State) and which involves any of the following: The highjacking or sabotage of any conveyance (including an aircraft, vessel, or vehicle); the seizing or detaining, and threatening to kill, injure, or continue to detain, another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained; a violent attack upon an internationally protected person or upon the liberty of such a person; an assassination; the use of any biological agent, chemical agent, or nuclear weapon or device, or explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; a threat, attempt, or conspiracy to do any of the foregoing.[11] "Engage in terrorist activity" means, in an individual capacity or as a member of an organization: To commit or to incite to commit, under circumstances indicating an

---

[10] 22 U.S.C. 2656f(d)(2).
[11] 8 U.S.C. § 1182(a)(3)(B)(iii).

25

intention to cause death or serious bodily injury, a terrorist activity; to prepare or plan a terrorist activity; to gather information on potential targets for terrorist activity; to solicit funds or other things of value for a terrorist activity, or a terrorist organization unless the solicitor can demonstrate by clear and convincing evidence that he did not know, and should not reasonably have known, that the organization was a terrorist organization; to solicit any individual to engage in conduct otherwise described in this subsection, for membership in a terrorist organization unless the solicitor can demonstrate by clear and convincing evidence that he did not know, and should not reasonably have known, that the organization was a terrorist organization; to commit an act that the actor knows, or reasonably should know, affords material support, including a safe house, transportation, communications, funds, transfer of funds or other material financial benefit, false documentation or identification, weapons (including chemical, biological, or radiological weapons), explosives, or training for the commission of a terrorist activity, to any individual who the actor knows, or reasonably should know, has committed or plans to commit a terrorist activity, to a terrorist organization, or to any member of such an organization, unless the actor can demonstrate by clear and convincing evidence that the actor did not know, and should not reasonably have known, that the organization was a terrorist organization.[12]

_____

[12] 8 U.S.C. § 1182(a)(3)(B)(iv).

## REQUEST NO. 22

### COUNT ONE
### FOREIGN TERRORIST ORGANIZATIONS, TERRORIST PERSONS AND GROUPS S
### SEVENTH ELEMENT

### Defendant's Knowledge That the Pecuniary Value
### Provided Would Further Terrorist Activity

In order to convict, you must also unanimously agree that the government proved beyond a reasonable doubt that the defendant you are considering acted with knowledge that the pecuniary value provided would be used to further the terrorist activities of the organization you are considering. The statute criminalizes the knowing provision of anything of pecuniary value to a foreign terrorist organization and not merely to individuals who happen to be members of that organization. Accordingly, if the defendant conspired to provide anything of pecuniary value to further individuals' personal interests, and not the interests of a Foreign Terrorist Organization, then you must acquit. This remains true even if the individuals purport to be members of a Foreign Terrorist Organization and the defendant knew of their purported membership in the organization. An individuals' personal interest includes that individual's personal monetary interest.

27

## REQUEST NO. 23

### COUNT TWO
### CONSPIRACY TO PROVIDE MATERIAL SUPPORT
### TO A FOREIGN TERRORIST ORGANIZATION

I will now tell you what the elements of Count Two are. Count Two charges Messrs.

Issa, Toure, and Abdelrahman with conspiring to violate 18 U.S.C. § 2339B which reads in

pertinent part as follows:

> [w]hoever … knowingly provides material support or resources to a foreign terrorist organization … or conspires to do so …[violates §2339B].

> Section 2339B includes an additional element: "[t]o violate this paragraph, a person must

have knowledge that the organization is a designated terrorist organization … or that the

organization has engaged in or engages in terrorist activity … or …terrorism[.]"

You cannot find the defendant you are considering guilty of the conspiracy alleged in

Count Two unless you are convinced that the government has proved each of the following

elements beyond a reasonable doubt:

> **First**, that, on or about September 2009, two or more persons made an agreement to commit the crime of providing material support to a Foreign Terrorist Organization, in this case FARC, Al Qaeda and/or AQIM.

> **Second**, that the defendant knew the purpose of the agreement and, during the period charged in the indictment, joined in it knowingly and willfully, that is, with the intent to further that unlawful purpose.

> **Third**, that the object of the conspiracy was to provide material support or resources

> **Fourth**, that the organization to which the material support or resources was to be provided is engaged in or engages in terrorism or terrorist activity;

> **Fifth,** that the defendant entered into the agreement with knowledge that the organization engaged in or engages in terrorism or terrorist activity;

> **Sixth,** that the defendant entered into the agreement with knowledge that the support or resources provided would further the organization's terrorist activities; and

28

**Seventh**, that one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in this Count of the Indictment in order to accomplish some object or purpose of the conspiracy charged in the Count.

If the government failed to prove any of these elements with proof beyond a reasonable doubt then you must acquit.

The government has alleged that Messrs. Issa, Toure, and/or Abdelrahman conspired to provide material support to three organizations - FARC, Al Qaeda, and AQIM. You must analyze each element in connection with each organization separately and, in order to find that any one element is satisfied, you must unanimously agree that the same organization is involved. You may not find that the government satisfied any one element unless you all agree as to the organization involved. If you do not agree on the organization as to any element you must acquit.

29

## REQUEST NO. 24

**COUNT TWO
CONSPIRACY TO PROVIDE MATERIAL SUPPORT
TO A FOREIGN TERRORIST ORGANIZATION
FIRST AND SECOND ELEMENTS -
Existence Of Agreement And Knowing Membership In The Conspiracy**

Again, I already have discussed with you the first and second elements of Count Two, both of which the government must prove beyond a reasonable doubt. As I explained earlier, to establish the offense of conspiracy the government must prove beyond a reasonable doubt that two or more persons entered the unlawful agreement charged in the Count and that the defendant you are considering knowingly, willfully, and voluntarily became a member of the conspiracy.

## REQUEST NO. 25

### COUNT TWO
### CONSPIRACY TO PROVIDE MATERIAL SUPPORT
### TO A FOREIGN TERRORIST ORGANIZATION
### THIRD ELEMENT -
### Providing Material Support Or Resources To An Organization

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, and transportation, except medicine or religious materials.[13]

You cannot make a finding that Messrs. Issa, Toure, and/or Abdelrahman joined a conspiracy with the objective of providing material support unless you unanimously agree with respect to which form of material support or resources were involved.

I will now further define for you terms within the definition of "material support or resources." The term "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge. The term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge. In connection with the term "personnel," no person may be prosecuted for conspiring to provide material support to a terrorist organization unless that person knowingly has conspired to provide a foreign terrorist organization with 1 or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign

---

[13] 18 U.S.C. § 2339A(b).

31

terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.[14]

I caution you that words of support is not material support or resources as defined by the statute. To say you support a cause, even a terrorist cause, is not violative of the statute. To associate with individuals who claim to support terrorist causes is not violative of the statute. Freedom of association and freedom of speech protect the right to assemble, discuss, and advocate even the most unpopular beliefs and ideas.[15]

---

[14] Id.

[15] Adapted from Holder v. Humanitarian Law Project, 130 S.Ct. 2705 (2010)

## REQUEST NO. 26

### COUNT TWO
### CONSPIRACY TO PROVIDE MATERIAL SUPPORT
### TO A FOREIGN TERRORIST ORGANIZATION
### FOURTH ELEMENT
### Foreign Terrorist Organization

A "Foreign Terrorist Organization" has particular meaning under the statute. In order for an organization to qualify as a foreign terrorist organization, it must be designated as such by the Secretary of State through the process described by law.

[If applicable: The parties have stipulated that FARC and Al Qaeda and AQIM have been designated as foreign terrorist organizations by the Secretary of State, and was so designated by the Secretary throughout the period covered by the Indictment.]

33

**REQUEST NO. 27**

**COUNT TWO
CONSPIRACY TO PROVIDE MATERIAL SUPPORT
TO A FOREIGN TERRORIST ORGANIZATION
FIFTH ELEMENT -
Defendant's Knowledge That the Organization
Engaged In Or Engages In Terrorist Activity Or Terrorism**

In order to satisfy this fifth element, the government must prove beyond a reasonable doubt that the defendant you are considering acted knowing that FARC, Al Qaeda, and/or AQIM was engaged in or engages in terrorism or terrorist activity. The inquiry focuses on the defendant's specific knowledge. The government can satisfy this element by proving beyond a reasonable doubt that either: (1) the defendant knew during the period covered by the Indictment that FARC, Al Qaeda, and/or AQIM had been designated by the United States Secretary of State as a Foreign Terrorist Organization; or (2) the defendant knew that FARC, Al Qaeda, and/or AQIM engaged in or engages in "terrorist activity;" or (3) the defendant knew that FARC, Al Qaeda, and/or AQIM engaged in or engages in "terrorism." In order to convict, you must be unanimous as to which category of knowledge, if any, the defendant you are considering had.

I have already defined "terrorist activity," "terrorism," and "engage in terrorist activity" for you and those definitions apply here.

34

## REQUEST NO. 28

### COUNT TWO
### CONSPIRACY TO PROVIDE MATERIAL SUPPORT
### TO A FOREIGN TERRORIST ORGANIZATION
### SIXTH ELEMENT -
**Defendant's Knowledge That the Support Rendered Would Further Terrorist Activity**[16]

In order to convict, you must also unanimously agree that the government proved beyond a reasonable doubt that the defendant you are considering acted with knowledge that the support rendered would be used to further the terrorist activities of the organization you are considering. The statute criminalizes the knowing provision of material support or resources to a foreign terrorist <u>organization</u> and not merely to individuals who happen to be members of that organization. Accordingly, if the defendant conspired to provide support to further individuals' personal interests, and <u>not</u> the interests of a Foreign Terrorist Organization, then you must acquit. This remains true even if the individuals purport to be members of a Foreign Terrorist Organization and the defendant knew of their purported membership in the organization. An individuals' personal interest includes that individual's personal monetary interest.

---

[16] Adapted from <u>United States v. Paracha</u>, No. 03 CR 1197 (SHS), 2006 WL 12768 (S.D.N.Y. Jan. 3, 2006)

## REQUEST NO. 29

### COUNT TWO
### CONSPIRACY TO PROVIDE MATERIAL SUPPORT
### TO A FOREIGN TERRORIST ORGANIZATION
### SEVENTH ELEMENT -
#### Overt Act

In order to sustain its burden of proof on Count Two, the government also must prove beyond a reasonable doubt that a co-conspirator knowingly performed at least one overt act and that such overt act was performed during the existence or life of the conspiracy charged in Count Two and was done to somehow further the goals of the conspiracy or unlawful agreement.

The term "overt act" means some type of outward, objective action performed by one of the members of the agreement or conspiracy which evidences the agreement. In order to convict, you must be satisfied that the government proved beyond a reasonable doubt at least one overt act. You must be unanimous with respect to the particular overt act that was committed and, if you are not, you must acquit.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have knowingly been taken by at least on of the conspirators in furtherance of that conspiracy.

## REQUEST NO. 30

### DEFENSE THEORIES

[*The defense reserves the right to submit a proposed charge regarding the defense theories after the close of the government's case.*]

**REQUEST NO. 31**

**ENTRAPMENT**[17]
**[if applicable]**

Even if you find that the government has proved all the elements of a given charge as to a given defendant, you still cannot convict the defendant of that charge if you find that he was the victim of what is called "entrapment." The government is permitted to use undercover agents or paid informants to enforce the law. In their zeal to enforce the law, however, government agents may not originate a criminal design, implant in an innocent person's mind the disposition to commit the charged criminal act, and then induce commission of the crime so that the government can bring a prosecution.

You must consider the issue of entrapment for each defendant separately, and for each charged crime separately.

In assessing the question of entrapment with respect to a given defendant and a given charge, your first inquiry should be to determine whether there is any evidence that a government agent (such as a paid informant) gave that defendant the idea to commit that crime, either by directly inducing him to commit that crime or by causing another person to so induce him. If you find that there was no evidence of either direct or indirect inducement, there can be no entrapment, and your inquiry on this defense should end.

If, however, you find a government agent did, directly or indirectly, give the defendant the idea to commit that crime, that alone does not mean there was entrapment. Rather, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was nonetheless predisposed to commit the crime you are considering. Predisposition means the

---

[17] Adapted from <u>Jacobson v. United States</u>, 508 U.S. 540 (1992); <u>Sorrels v. United States</u>, 287 U.S. 435, 442 (1932); <u>United States v. Brand</u>, 467 F.3d 179 (2d Cir. 2006).

38

defendant's state of mind <u>prior</u> to the commencement of the government's investigation.  In determining whether the government has proved beyond a reasonable doubt that the defendant was predisposed, you may consider the evidence or lack of it with respect to a number of factors, including (1) an existing course of criminal conduct similar to the crime for which the defendant was charged, (2) an already formed design on the part of the defendant to commit the crime for which he is charged, or (3) a willingness to commit the crime for which he is charged as evidenced by the defendant's ready response to the inducement.

## REQUEST NO. 32

## MISSING WITNESS NOT EQUALLY AVAILABLE TO DEFENDANT[18]

You have heard evidence about a witness who has not been called to testify.  The defense has argued that the witness could have given material testimony in this case and that the government was in the best position to produce this witness.

If you find that this uncalled witness could have been called by the government and would have given important new testimony, and that the government was in the best position to call him, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the government.

---

[18] Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 6-5.  If the requested charge is applicable and given, the defense objects to any language instructing the jury that in drawing its inference about the uncalled witness it may consider whether the witness' testimony would have been cumulative.  First, the jury has no intelligent basis for deciding whether an uncalled witness would have given cumulative evidence. Second, this language makes the prosecutor an unsworn witness to the fact that the uncalled witness would have testified in conformity with presented evidence.