UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

        -v.-                        :    09 Cr. 1244 (RJH)

OUMAR ISSA,                         :
HAROUNA TOURÉ, and
IDRISS ABDELRAHMAN,                 :

            Defendants.             :

- - - - - - - - - - - - - - - - - - -x


**GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**


                            PREET BHARARA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for the United States
                                of America



JEFFREY A. BROWN
CHRISTIAN R. EVERDELL
EDWARD Y. KIM
Assistant United States Attorneys
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

        -v.-                         :        09 Cr. 1244 (RJH)

OUMAR ISSA,                          :
HAROUNA TOURÉ, and
IDRISS ABDELRAHMAN,                  :

        Defendants.                 :
- - - - - - - - - - - - - - - - - - -x

### GOVERNMENT'S PROPOSED EXAMINATION
### OF PROSPECTIVE JURORS

        The Government respectfully requests that the Court
include the following questions in its examination of prospective
jurors pursuant to Rule 24(a) of the Federal Rules of Criminal
Procedure.  The Court is requested to pursue more detailed
questioning if a particular juror's answer reveals that further
inquiry is appropriate.  If further questions might influence
other prospective jurors, or might prove embarrassing to the
juror, the Government requests that such questioning take place
at the bench or in the robing room.  The Government further
requests that all follow-up questioning conclude with an inquiry
whether the particular fact or circumstances would influence the
juror in favor of, or against, either the Government or the
defendants.

### The Charges

        1.  This is a criminal case.  The defendants, OUMAR

ISSA, HAROUNA TOURÉ, and IDRISS ABDELRAHMAN, have been charged with the commission of a number of federal crimes in a two-count Indictment returned by a Grand Jury sitting in this District. The Indictment is not evidence, and is not proof of a crime.  It is merely a document that specifies the criminal charges against the defendants.  Those of you who are selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I would like to give you a brief summary of the charges now, so that we can determine whether there is anything about the charges that would make it impossible for you to sit as a fair and impartial juror.  After I summarize the charges, I will ask a series of questions.  If you have an affirmative response to any of my questions, and would feel uncomfortable responding in open court, let me know and I will hear your answer at the bench or in the robing room.

2.   Count One of the Indictment charges the defendants with conspiring to distribute narcotics, knowing or intending to provide something of pecuniary value to a terrorist organization; namely, the Fuerzas Armadas Revolucionarias de Colombia (or "FARC"), al Qaeda, and al Qaeda in the Islamic Maghreb (or "AQIM").  Count Two charges the defendants with conspiring to provide material support or resources to a foreign terrorist organization; namely, the FARC, al Qaeda, and AQIM.

3.   Do any of you have any personal knowledge of the

charges in the Indictment as I have described it?  Have you read or heard anything about this case?  If so, is there anything that you have read or heard that would cause you to feel that you cannot decide the facts of this case fairly and impartially?

### Nature Of The Charges

4.  As I explained earlier, the defendants in this case are charged with, among other things, agreeing to commit narcotics and terrorism offenses.  Do any of you feel that you could not view fairly and impartially a case involving such charges?  Has anyone formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes?

5.  As I will explain in more detail later, the defendants are charged with conspiracy, or agreeing to commit a crime.  Agreeing to commit a crime is itself a crime.  Does any juror feel that the law should not separately prohibit agreements to commit crimes, as opposed to the commission of the crimes themselves, even if the underlying crime is not successfully completed?

6.  Do any of you have any opinion about the enforcement of federal laws – in particular, the enforcement of federal narcotics trafficking or terrorism laws – that might prevent you from being fair and impartial in this case?  Do any of you believe that any of these crimes should not be illegal or

that such laws should not be enforced?  Do any of you have any opinions or beliefs about the enforcement of these or other federal laws that might prevent you from being fair and impartial in this case?

7.  This case involves conduct that occurred overseas. Would any of you have any difficulty following my instructions on the law regarding the application of criminal laws to conduct that solely occurs outside the United States?

8.  Has any juror been involved in an offense involving narcotics trafficking or terrorism?  Has any juror's relative, close friend or associate been involved with such offenses?  Has any juror, or any member of a juror's family, or any juror's close friend, had any experiences of any kind, directly or indirectly, with respect to narcotics trafficking or terrorism?

### Knowledge Of Trial Participants

9.  Do any of you know, or have you had any direct or indirect dealings with the defendants OUMAR ISSA, HAROUNA TOURÉ, and IDRISS ABDELRAHMAN?  [Please ask the defendants to stand.] Do any of you know, or have you had any direct or indirect dealings with any relatives, friends, or associates of any of the defendants?

10.  To your knowledge, do you have any relatives, friends, associates, employers, or employees who know, or who may have had any dealings with, the defendants, or with any

relatives, friends or associates of theirs?

11.  The Government is represented officially here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, Preet Bharara.  Do any of you know Mr. Bharara?  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Jeffrey Brown, Christian Everdell, and Edward Kim. They will be assisted by Special Agent James Stouch of the United States Drug Enforcement Administration, and David Soiles, a paralegal in the United States Attorney's Office. [Please ask each to stand.]  Do any of you know Jeffrey Brown, Christian Everdell, Edward Kim, James Stouch, or David Soiles?  Have any of you had any dealings, either directly or indirectly, with any of these individuals?

12.  The defendant OUMAR ISSA is represented by Sabrina Shroff and Julia Gatto.  [Please ask Ms. Shroff and Ms. Gatto to stand.]  The defendant HAROUNA TOURÉ is represented by Ivan Fisher.  [Please ask Mr. Fisher to stand.] The defendant IDRISS ABDELRAHMAN is represented by Zachary Margulis-Ohnuma.  [Please ask Mr. Margulis-Ohnuma to stand.]  Do any of you know any one of these attorneys?  Have any of you had any dealings, either directly or indirectly, with any of them?

13.  I am now going to give you a list of additional names of people, businesses, and locations that may be mentioned

during the trial.  When I am finished, please raise your hand if you know any of the people, businesses, or locations I name, or if you have had any direct or indirect dealings with them.

**[A list of witnesses and other people, businesses, and locations likely to be mentioned during the trial will be supplied prior to voir dire.]**

14.  Do any of you have relatives, friends, associates, employers, or employees who, to your knowledge, either know or have had some dealings with any of these individuals, businesses, or specific locations?

### Relationship With Government

15.  Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York; or with any member of the staff of the United States Drug Enforcement Administration ("DEA"); or with any other law enforcement agency?

16.  Is any member of your family employed by a law enforcement agency, whether federal, state, or local?

17.  Have you, or has any member of your family -- either as an individual or in the course of his or her business -- ever been a party to any legal action or dispute with the United States or any department, agency, or employee of the United States, or the DEA, or had any interest in any legal action or dispute with the U.S. Government, such as an income tax

dispute?

18.   Have any of you, either through any experience you have had, or anything you have seen or read, developed any bias or prejudice for or against the United States Attorney's Office, the DEA, or any other federal, state, or local government?

### Prior Jury Service

19.   Have you ever served as a member of a grand jury, whether in federal, state, or county court?  If so, when and where?

20.   Have you ever served as a juror in a trial in any court?  If so, in what court did you serve and was it a civil or criminal case?  What type of case was it?  Without telling us what the verdict was, please tell us whether the jury reached a verdict in that case.

### Experience As A Witness, Defendant, Or Crime Victim

21.   Have you, or has any relative or close friend of yours ever been involved, or appeared as a witness, in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or Governmental agency?

22.   Have you or has any relative or close friend of yours ever been a witness or a complainant in any hearing or trial, whether federal, state or local?

23.   Are you, or is any member of your family or close

friend, now under subpoena or, to your knowledge, about to be subpoenaed, in any criminal case?

24.  Have you or has any member of your family, any associate, or close friend, ever been charged with a crime?

25.  Have you or has any relative, associate, or close friend ever been the subject of any investigation or accusation by any federal or state Grand Jury?

26.  Have you, or has any friend or relative of yours, ever been a victim of a crime of any kind?

### Ability To Render Fair Verdict

27.  Law Enforcement Personnel.  The witnesses in this case will include, among others, agents with the DEA, and possibly other law enforcement personnel.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

28.  Expert Witnesses.  You may hear testimony in this case by expert witnesses.  Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

29.  Other Witnesses.  The witnesses in this case will also include paid confidential informants working with the DEA who assisted in the investigation of this case.  The use of testimony from paid confidential informants is proper and legal

9

and is often a necessary law enforcement tool.  Do you have any feelings about the use of paid confidential informants that would make it difficult for you to render a fair and impartial verdict in this case?

30.  <u>Use of Recordings and Transcripts</u>.  Some of the evidence in this trial will come in the form of conversations obtained via consensual recordings.  These conversations were recorded without the defendants' consent.  I instruct you now that this type of evidence does not violate the rights of the defendants, and that it is perfectly proper for this type of evidence to be introduced at trial for your consideration.  With that in mind, does any juror have any feelings about the use of recorded conversations that would make it difficult for you to consider such evidence fairly and impartially as you would any other evidence?  Many of the recorded conversations were in French, Spanish, Arabic, or Songhai.  For that reason, it was necessary for the Government to obtain translations of those conversations into English.  Even if you understand French, Spanish, Arabic, or Songhai, you may not second guess the translations.  Would any of you have difficulty following this instruction?

## Persons Not On Trial

31.  The defendants here are charged with acting with others, some of whom are not on trial here.  You may not draw any

inference, favorable or unfavorable, towards the Government or the defendants on trial from that fact.  You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

## Problems With Perception

32.  Do any of you have a problem with hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

33.  Do any of you take medication which would prevent you from giving full attention to all the evidence at this trial?

34.  Do any of you have any difficulty in reading or understanding English?

## Individual Juror's Background

35.  The Government respectfully requests that the Court ask each juror to provide the following information:

    a.   the juror's current county of residence and prior counties of residence during the last five years;

    b.   the juror's occupation;

    c.   the name of the juror's employer;

    d.   the period of employment with that employer;

    e.   the same information concerning other employment of the juror within the last five years;

11

f.   whether the juror has other members of
     his/her household;

g.   the occupations of other adult members of the
     juror's household and of any children of the
     juror who are employed;

h.   the newspapers and magazines read regularly
     by the juror; and

i.   the television programs watched regularly by
     the juror.

### Function Of The Court And Jury

36.   The function of the jury is to decide questions of fact.  You are the sole judges of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact finders.  However, when it comes to the law you must take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think the law should be. At the conclusion of the case, your job will be to determine whether or not the defendants are guilty as charged in the Indictment.  Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of the law that I will give you in this case?

37.   Do any of you have any legal training, or have any relative or close friend who is an attorney?  If so, would this for any reason prevent you from applying the law in this case as stated by the Court?  Will each of you accept my instruction that you are not to discuss the case with anyone, including attorneys

12

you may know, until you are excused as jurors?

38.  Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendants on trial here are guilty or not guilty?

39.  It is not a particularly pleasant duty to sit in judgment of another individual and to find that individual guilty of committing a crime.  Is there anyone who feels that even if the evidence established the defendants' guilt beyond a reasonable doubt, you might not be able to render a guilty verdict because of your own personal convictions or for any other reason unrelated to the law and the evidence?

40.  Under your oath as jurors you are not to be swayed by sympathy.  Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to the guilt or innocence of a defendant?  You are to determine the guilt or innocence of the defendants solely on the basis of the evidence and subject to the law as I will charge you.  Will you accept my instruction that you are not to be swayed by sympathy of any kind?

13

41.  Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### Other Biases

42.  In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior questions, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained?

### Requested Instruction Following Impaneling Of The Jury

43.  From this point on, until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case.  This rule about not discussing the case with others includes discussions even with members of your own family and friends.

44.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me, and to no one else, including your fellow jurors.  In this regard, please let me

14

explain to you that the attorneys and the defendants are not supposed to speak with any juror, even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will and should ignore you.  Please do not take offense.  They will only be acting properly by doing so.

45.  If anything should happen involving any of you that is of an unusual nature, or which you think is something the Court should be told about, do not discuss it with any other juror.  Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say.  Of course, I do not expect anything unusual or improper to happen.

Dated:    New York, New York
          September 2, 2011

                         Respectfully submitted,

                         PREET BHARARA
                         United States Attorney for the
                         Southern District of New York,
                         Attorney for the United States
                         of America

                    By:  _____/s/_____
                         Jeffrey A. Brown
                         Christian R. Everdell
                         Edward Y. Kim
                         Assistant United States Attorneys
                         Tel.:  (212) 637-1110/2556/2401

15